Certified 7017 0440 0000 5938 4163

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 2 6 2026

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

Case Name: Yolanda Y. Ortiz v. Julio Aldecocea, et al.
Civil Action Number: 26-CV-00786
District Court Judge: J.P. Boulee

## PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' CLAIMS FOR FAILURE TO STATE A CLAIM AND OBJECTIONS TO MAGISTRATE

## JUDGE'S FINDINGS AND RECOMMENDATIONS

COMES NOW Plaintiff Yolanda Y. Ortiz, appearing pro se, and respectfully moves Court to dismiss Defendants' claims, actions, and foreclosure proceedings for failure to state a claim upon which relief can be granted. Defendants lacked lawful standing and authority to foreclose upon Plaintiff's property and proceeded with foreclosure despite Plaintiff's pending request for injunctive relief.

Plaintiff timely sought a Temporary Protective Order and/or Temporary Restraining Order on January 2, 2026, prior to the completion of the foreclosure sale. Despite the pendency of Plaintiff's request for injunctive relief, Defendants proceeded with the foreclosure and sale of the subject property located at 5035 Mickleton Way, Powder Springs, Georgia 30127.

Plaintiff asserts that Defendants' actions were taken in violation of the Court's authority and in disregard of the pending request for injunctive relief. As such, the foreclosure sale should not be used as a basis to deny relief, particularly where Defendants acted with notice of Plaintiff's filing and the issues before the Court.

Furthermore, Plaintiff had been approved for Homeowner Assistance Fund (HAF) relief prior to the foreclosure sale. Defendants' decision to proceed with the foreclosure despite such approval constitutes bad faith and undermines the equitable considerations that govern injunctive relief.

The Court's denial appears to rest on the conclusion that the foreclosure had already occurred. However, the harm to Plaintiff is ongoing, including the loss of Plaintiff's primary residence, continued dispossession, and the potential for eviction. Courts retain

equitable authority to set aside a foreclosure sale where it was conducted improperly or in bad faith. Accordingly, Plaintiff respectfully requests that the Court reconsider its denial of injunctive relief and grant appropriate equitable remedies, including but not limited to vacating the foreclosure sale, restoring title to Plaintiff, and enjoining any further transfer or eviction proceedings related to the subject property. Plaintiff objects because the Court has not properly considered the fundamental jurisdictional defect underlying Defendants' alleged authority to enforce the subject debt.

## II. THE UNDERLYING DEBT IS VOID AB INITIO AND CANNOT BE REVIVED

A. Legal Standard: A Void Judgment or Debt Confers No Rights

It is well established that a void judgment is "one that is rendered by a court lacking jurisdiction over the defendant or over the subject matter, or in violation of a procedural requirement so substantial that it is deemed by the rendering state to be void, i.e., to be 'jurisdictional.'" *Yale v. National Indem. Co.*, 602 F.2d 642, 644 (4th Cir. 1979).

A void judgment is a legal nullity from its inception. It is "always subject to collateral attack," and any proceedings enforcing such a judgment are themselves void. *Id.* A void debt—one created without lawful authority or through fraud—cannot be revived by any court. Where no lawful obligation ever existed, there is nothing for this Court or any state court to enforce.

B. Defendants Lacked Legal Authority to Create or Enforce the Alleged Debt

Plaintiff incorporates by reference the attached to these Objections, which cites controlling authority on the limited powers of national banks:

- *Citizens' Nat Bank of Cameron v. Good Roads Gravel Co.*, 236 S.W. 153 (Tex. Civ. App. 1921) (dismissed w.o.j.): A national bank cannot lend its credit or become guarantor of another's obligation unless it owns or has an interest in the obligation guaranteed, especially where it receives no benefits therefrom.
- *First National Bank v. Crespi & Co.*, 217 S.W. 705 (Tex Civ. App. 1920): A national bank has no power to guarantee performance of a contract made for the sole benefit of another.
- *Pollock v. Lumberman's Nat Bank of Portland Or.*, 168 P. 616 (Or. 1917): National banks have no power to negotiate loans for others.

- *Byron v. First Nat Bank of Roseburg*, 146 P. 516 (Or. 1915): A national bank cannot act as a broker in lending its depositors' money to third persons.
- *Cockerill v. Abbot*, 39 S.W. 60 (Ark. 1897): A national bank is not authorized to act as a broker in loaning the money of others.

These cases establish that national banks and their agents operate under strict statutory authority. When they act outside that authority—such as by originating loans they had no power to make, or acting as brokers for loans they did not fund—those acts are *ultra vires* and void. A void obligation cannot be enforced by any court, including this one.

C. No Court Can Revive a Void Debt

The doctrine that a void debt cannot be revived is fundamental. If the original transaction was void for lack of authority, any subsequent judgment, assignment, or foreclosure based on that void obligation is itself void. *See In re Pavelich*, 229 B.R. 777, 783 (9th Cir. BAP 1999) (a judgment that violates the bankruptcy discharge is "void" under 11 U.S.C. § 524(a)(1), not merely voidable).

Here, Defendants have failed to produce evidence that the original loan transaction was lawful. They have failed to show that the originating entity had the legal capacity to lend. They have failed to show that subsequent assignments transferred any valid interest. The burden is on the party seeking enforcement to establish the validity of the underlying obligation. Defendants have not met that burden.

## III. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER A VOID OBLIGATION

Subject matter jurisdiction cannot be conferred by consent or waiver. If the underlying debt is void, this Court has no jurisdiction to enforce it or to adjudicate claims based upon it. The District Judge's Findings and Recommendations fail to address this threshold jurisdictional question.

## IV. REQUEST FOR EVIDENTIARY HEARING

Plaintiff requests an evidentiary hearing to present proof that the Defendants in this action lack the legal authority to enforce the subject debt, and that the debt itself is void ab initio.

## V. CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. REJECT the Judge's Findings and Recommendations;
2. DENY Defendants' motions to dismiss;
3. ORDER Defendants to produce the original, wet-ink signed contract and proof of their legal authority to originate and enforce the subject debt; and
4. SCHEDULE an evidentiary hearing on the issue of whether the underlying debt is void.

Respectfully submitted this 22nd day of March, 2026

Yolanda Y. Ortiz
Plaintiff, Pro Se
141 Weston Street 311
Hartford, Connecticut 06141-9998
yolykikojr@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objections was served on all counsel of record via the Court's CM/ECF system (or by U.S. Mail, if they are not ECF filers) on this ___ day of March 22, 2026.

Yolanda Y. Ortiz