**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA (ATLANTA)**

| | | |
|---|---|---|
| YOLANDA ORTIZ | ) | Case No.  26-CV-00786 |
| | ) | |
| Plaintiff(s), | ) | JUDGE J.P. BOULEE |
| | ) | |
| vs. | ) | |
| | ) | |
| JULIO ALDECOCEA, et al. | ) | |
| | ) | |
| Defendant(s). | ) | |

**DEFENDANTS JULIO ALDECOCEA, JAMES LAUTER, LOANCARE LLC, AND LAKEVIEW LOAN SERVICING, LLC'S RENEWED MOTION TO DISMISS PLAINTIFF YOLANDA ORTIZ'S SECOND AMENDED COMPLAINT [DOC. 16] AND RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS [DOC. 17]**

Defendants Julio Aldecocea ("Aldecocea"), James  Lauter ("Lauter"), LoanCare LLC ("LoanCare"), and Lakeview Loan Servicing, LLC ("Lakeview") (collectively "Defendants"), by and through undersigned counsel, Dinsmore & Shohl, LLP, renew Defendants' Motion to Dismiss Plaintiff Yolanda Ortiz's ("Plaintiff") Second Amended Complaint for Wrongful Foreclosure, Federal Statutory Violations, Damages, and Emergency Injunctive Relief ("SAC")[Doc. 16] pursuant to Fed. R. of Civ. P. 12(b)(5) and (6) and respond to Plaintiff's Motion to Dismiss for Failure to State a Claim and Objections to Magistrate Judge's Findings

and Recommendations ("Second Objection") [Doc. 17]. In support thereof, Defendants state the following:

## I.   <u>PROCEDURAL POSTURE</u>

Yolanda Ortiz ("Ortiz" and/or "Plaintiff") obtained a loan from CrossCountry Mortgage, LLC ("CrossCountry") in the original principal amount of $265,109.00 ("Loan"). The Loan was secured by a mortgage encumbering the Property executed by Plaintiff and recorded on July 7, 2021 in Deed Book 15937, Page 4186 in the records of Cobb County, Georgia ("Mortgage"). A copy of the Mortgage is attached as **Exhibit A**.

The Mortgage was assigned to Lakeview through an Assignment of Mortgage recorded on November 18, 2022, in Deed Book 16100, Page 5732 in the records of Cobb County, Georgia ("Assignment"). A copy of the Assignment is attached as **Exhibit B.**

Ortiz defaulted under the terms of the Mortgage by failing to make her regular mortgage payments. Lakeview completed a non-judicial foreclosure and recorded a deed, transferring the property to the investor on January 26, 2026 in Deed Book 16337, Page 2985 in Cobb County, Georgia ("Deed"), a copy of which is attached as **Exhibit C.**

Plaintiff initiated the within action and filed her Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") on January 2, 2026, a copy

2

of which is attached as **Exhibit D**.  Plaintiff did not file an accompanying Complaint with the Motion and did not name LoanCare and Lakeview as defendants in the Motion.  Plaintiff only named executives of LoanCare and Lakeview, Aldecocea and Lauter, as defendants to the Motion In addition, she failed to properly serve Aldecocea and Lauter with the Motion.

Subsequent to the sale and recording of the Deed, Plaintiff filed a Verified Complaint to Quiet Title ("Verified Complaint") on January 29, 2026, a copy of which is attached as **Exhibit E.**  Plaintiff mentions LoanCare and "Lakeview Mortgage" as defendants in the caption but does not mention them once in the body of the Verified Complaint.

On February 11, 2026, the within matter was removed from state court, along with the Verified Complaint. Defendants filed their Motion to Dismiss the Verified Complaint on February 18, 2026 [Doc. 4]. Plaintiff filed her First Amended Complaint ("FAC") on March 9, 2026 (without leave of the court) [Doc. 7].  On March 19, 2026, the court consolidated this case with Plaintiff's other federal case (25-07350) and entered its Consolidated Order ("Consolidated Order")[Doc. 10], ordering Plaintiff to file a Second Amended Complaint within thirty (30) days of entry of the Order.  "Plaintiff is further **ORDERED** to submit a superseding second amended complaint in accordance with the instructions below within **THIRTY (30) DAYS** of the entry date of this Order." [Doc. 10].  Thirty days from entry of the

3

Consolidated Order required Plaintiff to file her Second Amended Complaint by April 20, 2026.

On April 14, 2026, rather than comply with the Consolidated Order, Plaintiff filed her Objections to Magistrate Judge's Findings and Recommendations ("First Objection") [Doc. 14]. On April 23, 2026, the Magistrate issued an order that construed Plaintiff's First Objection as an objection to the Consolidation Order and submitted said First Objection to the District Judge for Review [Doc. 15]. The Magistrate further stated that Plaintiff's deadline for filing her amended complaint was stayed, until the District Judge reviewed her objection and issued an order with further guidance.

Despite the Magistrate's April 23rd Order, Plaintiff filed her SAC and Second Objection on May 26, 2026. A side-by-side analysis of the First Amended Complaint and SAC show that they are word-for-word, identical pleadings. Nothing was changed.

Likewise, a side-by-side analysis of Plaintiff's First Objection and Second Objection reveals that the Second Objection is nothing more than the First Objection restated, with a new heading and one additional introductory paragraph. Plaintiff filed another identical pleading despite the court already taking her First Objection under consideration.

Plaintiff was given explicit instructions from this court to file an amended complaint by April 20, 2026.  Plaintiff willfully disregarded this court's order and instead chose to file her First Objection.  The court took a very liberal interpretation of the pleading and construed it as an Objection to the Consolidation Order.  However, Plaintiff never filed an amended complaint within the proscribed time.  As such, Plaintiff willfully ignored the order of this court, despite the specific warning, "[P]laintiff is warned that failure to timely comply with this Order shall result in a recommendation to the District Judge that this action be dismissed." [Doc. 10, page 9].

Plaintiff only now attempts to file a Second Amended Complaint, well over a month past this court's deadline.   Further, Plaintiff made zero effort to address any of the six (6) instructions outlined by the court that were to be addressed in an amended complaint. [Doc. 10, page 8].  Plaintiff simply refiled her FAC as a Second Amended Complaint.  The SAC provides no clarity as to the claims alleged against the Defendants. As such, Plaintiff has failed to comply with this court's instructions. In the event this court does not dismiss the within action, at a minimum, the SAC should be deemed duplicative and no response required.

Plaintiff's actions are a waste of judicial resources.  Plaintiff has filed identical pleadings that have already been adjudicated by this court.  The SAC is identical to the FAC, which this court has essentially deemed moot.   Likewise, the Second

Objection is identical to the first Objection, and is already under consideration by the District Judge. Plaintiff has provided no basis or explanation for refiling the same pleadings. As a result, both the court and Defendants have expended resources attempting to discern Plaintiff's intent in refiling the pleadings. No explanation is readily available. Therefore, the court should assume that the duplicative filing is made solely for the purpose of abuse and unnecessary litigation. As stated by a fellow Northern District Judge, "[T]he Court will not tolerate more abuse of the judicial process or the waste of scarce judicial resources caused by duplicative and dilatory filings and vexatious litigation. *Najaran Capital v. Rice*, No. 1:19-cv-04574LEXIS 257863, at *3-4 (N.D. Ga. Feb. 24, 2020).

## II.    **STANDARD OF REVIEW**

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.). "…the Court finds that by specifying the defects at issue in its motion to dismiss, Defendant has "effectively shifted the burden of proof to Plaintiff to show that service was adequate." *Youman v. Cobb Cty. Tax Comm'r,* No. 1:23-CV-04377-ELR-JEM, 2024 U.S. Dist. LEXIS 248866, at *15 (N.D. Ga. Sep. 25, 2024).

Further, Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint contains a short and plain statement of the claim showing that the pleader

6

is entitled to relief. A motion to dismiss under Rule 12(b)(6) tests whether an initial pleading and the claims therein have been well-pleaded; when the court considers dismissing a claim under Rule 12(b)(6), the court should view the complaint and the claims set forth in the light most favorable to the plaintiff. *Doe v. Marion*, 373 S.C. 390, 395 (2007). The dismissal of claims is proper where the complaint fails to allege the elements of a legally viable claim and, as such, the complaint fails to give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); "[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Johnson v. Specialized Loan Servicing, LLC*, No. 21-12327, 2022 U.S. App. LEXIS 3145, at *3 (11th Cir. Feb. 3, 2022) citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted). The liberal construction afforded *pro se* complaints does not mean that we can "act as *de facto* counsel or rewrite an otherwise deficient pleading to

sustain an action." *Id* citing *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

Having filed her SAC, Defendants renew their request for dismissal and specifically address the allegations raised by Plaintiff in her SAC and overall case deficiencies.

### III.   <u>ARGUMENT</u>

### A.   <u>Failure to Properly Serve the Motion</u>

The Due Process Clause requires, in the case of specific personal jurisdiction, that an out-of-state defendant have certain "minimum contacts" with the forum state. *ECB USA, Inc. v. Savencia Cheese USA, LLC*, 148 F.4th 1332, 1340-41 (11th Cir. 2025) citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).  "The minimum-contacts inquiry 'ensures that a defendant is haled into court in a forum state based on the defendant's own affiliation with the state, rather than the 'random, fortuitous, or attenuated' contacts it makes by interacting with other persons affiliated with the state.'" *HCL Am. Inc. v. Mace*, 686 F. Supp. 3d 1310, 1316 (N.D. Ga. 2023) citing *Waite*, 901 F.3d at 1312.

"Georgia permits jurisdiction where a plaintiff's cause of action "arises out of" a nonresident defendant's "transact[ion] of any business within [Georgia]." O.C.G.A. § 9-10-91(1)." *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1264 (11th Cir. 2010)

However, "transacts any business" requires that the "'nonresident defendant has purposefully done some act or consummated some transaction in [Georgia] . . . .'" *Id* citing *Aero Toy Store, LLCGrieves*, 279 Ga. App. 515, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006) (quoting *Robertson v. CRI, Inc.*, 267 Ga. App. 757, 601 S.E.2d 163, 166 (Ga. Ct. App. 2004)). "[T]he contacts of the individual defendants with Georgia are not to be judged according to [their corporate employer's] activities in this state." *HCL Am. Inc. v. Mace* citing *Amerireach.com, LLC*, 290 Ga. at 266.

Plaintiff filed her Motion for Temporary Restraining Order and Preliminary Injunction on January 2, 2026, naming Aldecocea and Lauter as defendants.  The same day, the court issued the Summons to be served by Plaintiff upon Defendants Aldecocea and Lauter.  On January 28, 2026, Plaintiff filed a document entitled "Acknowledgement of Service", which purported to establish proper service as it appears to be the signed green cards alleging service on Aldecocea and Lauter, a copy of which is attached as **Exhibit F**.

Neither Aldecocea nor Lauter have minimum contacts with the state of Georgia for this court to establish personal jurisdiction over Aldecocea and Lauter. Neither Aldecocea nor Lauter reside in Georgia and do not personally transact business in Georgia.  Aldecocea and Lauter are not proper parties to this case as discussed more fully below and the alleged activities of Lakeview and LoanCare, who do conduct business in Georgia, are not relevant to minimum contacts analysis

9

for these defendants in their individual capacities.  Plaintiff has not asserted any allegations that Aldecocea and/or Lauter have  minimum contacts with the State of Georgia and thus it would be improper for this court to exercise personal jurisdiction over them.

Additionally, Federal Rule of Civil Procedure Rule 4(c) provides:

(c) Service.

(1)    In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Further, Federal Rule of Civil Procedure Rule 4(e) states:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

"Under Georgia law, the summons and complaint must be served together. See O.C.G.A. § 9-11-4(e)." *Aaron v. Gwinnett Cty. Sch. Dist.*, No. 1:14-cv-00408-WSD, 2015 U.S. Dist. LEXIS 80946 (N.D. Ga. June 23, 2015.  Plaintiff failed to follow O.C.G.A. § 9-11-4(e) when she served only the Motion for Temporary Restraining Order.  Plaintiff had yet to file her Complaint at the time of purported service.  O.C.G.A. § 9-11-4(e) and Rule 4 both require that Summons be served with a copy of the Complaint.  Considering the Complaint was not filed until January 29, 2026, it would have been impossible for Plaintiff to have properly served Aldecocea and Lauter under the civil rules since there was no Complaint to serve.

Further, "Under O.C.G.A. § 9-11-4 (e) (7), service on a person of "suitable age and discretion then residing" at the defendant's "dwelling house or usual place of abode" constitutes personal  service on  the  defendant  if  made  in  this state. *Burkhardt v. Burkhardt*, 275 Ga. 142, 142, 561 S.E.2d 822, 823 (2002). Plaintiff failed to properly serve Aldecocea and Lauter pursuant to O.C.G.A. § 9-11-4 (e) (7) and Civil Rule 4(e).  Neither defendant was personally served at their dwelling or abode.  The green cards provided by Plaintiff purport to show that Aldecocea was allegedly served at the Lakeview headquarters located at 4425 Ponce De Leon, MS-251 Coral Gables Blvd., FL 33146.  The signature on the card is illegible and neither

the "Agent" or "Addressee" box have been marked. Regardless, 4425 Ponce De Leon is not Aldecocea's dwelling or abode.

Plaintiff's alleged service upon Lauter is equally flawed in that the green card for Lauter purports to show that Lauter was served at 3637 Sentera Way, Virginia Beach, Virginia 23452. This address is the headquarters for LoanCare and not Lauter's dwelling or abode. Further, this green card was not even signed by an individual, but instead stamped "Received-Jan 12, 2026-Mailroom-D. Hudson-Virginia Beach." A stamp does not effectuate proper service.

The Verified Complaint was not filed until January 29, 2026. No summons was ever issued by the court for the Verified Complaint. With the filing of the Verified Complaint, Plaintiff added Lakeview and LoanCare as defendants in the action; however, neither has been served with any pleading filed by Plaintiff. Additionally, Aldecocea and Lauter have not been served with the Verified Complaint either. Plaintiff has made no showing that she has "diligently" tried to serve any of the four (4) defendants with the Verified Complaint. As such, the within action must be dismissed.

**B.    Defendants Aldecocea and Lauter are not proper parties, and Plaintiff has not asserted any claim against them in their individual capacity.**

Plaintiff has improperly named Julio Aldecocea and James Lauter, the executives of Defendants Lakeview and LoanCare, as defendants in their individual

capacities, but has no grounds for doing so and has not alleged any claims against Aldecocea and Lauter as individuals. Further, the Plaintiff has not plausibly alleged any basis for this Court to exercise jurisdiction over Aldecocea and Lauter in their personal capacity. Therefore, all claims against Aldecocea and Lauter should be dismissed for failure to state a claim and lack of jurisdiction, and Aldecocea and Lauther should be dismissed as defendants to this action.

"A cardinal precept of corporate law is that corporations are separate legal entities from their shareholders, officers, directors, and employees." *DOT v. McMeans,* 294 Ga. 436, 437, 754 S.E.2d 61, 63 (2014).

Further, "[t]he mere operation of [a] corporate business does not render [a corporate officer] personally liable for corporate acts." *Patel v. Patel*, 761 F. Supp 1375, 1382(2011) citing *Fussell v. Jones*, 198 Ga. App. 399, 401 S.E.2d 593, 594 (Ga. Ct. App. 1991). "A corporation possesses a legal existence separate and apart from that of its officers and shareholders so that the operation of a corporate business does not render officers and shareholders personally liable for corporate acts. (Cit.)" *Lawton v. Temple-Warren Ford*, 203 Ga. App. 222, 223, 416 S.E.2d 527, 528 (1992) citing *Commonwealth Financial Corp. v. Sherrill*, 197 Ga. App. 403, 404 (398 S.E.2d 438) (1990).

The Plaintiff has not made plausible allegations to show that Aldecocea or Lauter were acting in any capacity other than in their role as a corporate officer or,

13

for that matter, took any action at all. Plaintiff has not made any allegations that would suggest that either Aldecocea or Lauter personally participated in any wrongdoing (because they did not) or that there is any basis to pierce the corporate veil (because there is none). Plaintiff's Second Amended Complaint only lists James Lauter and Julio Aldecocea in the case heading. The remainder of the Second Amended Complaint only refers to "Defendant(s)" and does not state either officer specifically. The Second Amended Complaint makes no factual allegations as to Aldecocea or Lauter beyond naming them as defendants in the case caption and fails to plausibly allege that Aldecocea or Lauter were acting in any capacity other than in their roles as corporate officers. Beyond the case caption, there is no mention of Aldecocea or Lauter in the Second Amended Complaint. Plaintiff only refers to "Defendants" without ever having defined the term "Defendants". Dismissal is proper where the complaint indiscriminately lumps together multiple defendants without specifying how each is responsible. See *Clifford v. Federman*, 855 Fed. Appx. 525, 528 (11th Cir. 2021)(Court of Appeals held that the district court did not abuse its discretion in dismissing appellants' First Amended Complaint as a shotgun pleading because appellants had notice of the defects and appellants had a meaningful chance to correct the defects).

The failure to plead any facts as to Aldecocea and Lauter individually, necessarily precludes any possible action to pierce the corporate veil to hold

14

Aldecocea liable for Lakeview, as an officer of the LLC, nor to hold Lauter personally liable for LoanCare. Further, Plaintiff failed to plausibly allege personal involvement in any wrongful conduct by either Lakeview or LoanCare's executives that would allow either to be held personally liable or to establish sufficient contacts with the state of Georgia to be subject to personal jurisdiction in this forum. Therefore, to the extent Plaintiff's Second Amended Complaint asserts claims against Aldecocea and Lauter in their individual capacities, these claims are ripe for dismissal with prejudice pursuant to Rule 12(b)(6).

## C.    **Failure to State Plausible Claims Against Defendants**

The Second Amended Complaint is an impermissible shotgun pleading and fails to state a plausible claim against any Defendant, because it combines allegations against multiple defendants under a number of supposed legal authorities without giving notice to each defendant of the claims against them.

### 1.    **The Second Amended Complaint is a shotgun pleading and must be dismissed.**

"Dismissal of a complaint as a shotgun pleading is warranted…where the complaint indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief." *Clifford v. Federman*, 855 Fed. Appx. 525, 528 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cty. Sheriff's Ofc.*, 792 F.3d 1313 (11th Cir. 2015)). Further, a

15

complaint fails to give defendants adequate notice of the claims against them where it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323.

Here, the Plaintiff's Second Amended Complaint supposedly identifies four (4) separate defendants; however, only refers to all defendants collectively, rather than identifying alleged actions of individual Defendants.  Further, the Second Amended Complaint fails to provide any support for the counts, but instead includes a bullet  list of grievances without any specific allegations, such that it is impossible to determine exactly what causes of actions the Plaintiffs intends to assert, and against which defendants. Because the Second Amended Complaint is a shotgun pleading that does not give sufficient notice to the various defendants of the claims actually asserted against them, it should be dismissed.

> **2.     Plaintiff's request for emergency injunctive relief fails because the Second Amended Complaint fails to state facts upon which injunctive relief may be granted.**

The injunctive relief claim  fails as a matter of law.  Plaintiff has not sufficiently alleged that she is entitled to injunctive relief. A party seeking injunctive relief must establish that "(1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved

16

by a permanent injunction." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (2008); *see also* O.C.G.A. § 9-5-1 (injunctions may be issued to restrain actions "which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law."); *Powell v. Dodd*, 2021 Ga. Super. LEXIS 2399, *5 (Jan. 12, 2021) (noting that "the injury must be actual and imminent, not remote and speculative, and requires a remedy of more than money damages.").

### 3. Plaintiffs cannot show a substantial likelihood that she will prevail on the merits; indeed, she has not stated a claim for relief.

"In order to obtain a temporary restraining order or preliminary injunction, Plaintiffs must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the injunction is not granted; (3) that the threatened injury to Plaintiffs absent an injunction outweighs the damage to Defendants if an injunction is granted; and (4) that granting the injunction would not be adverse to the public interest." *Cheque Fin., LLC v. Evolve Bank & Tr., Inc.*, No. 1:25-CV-2350-MHC, 2025 U.S. Dist. LEXIS 187876, at *4 (N.D. Ga. May 7, 2025).

A temporary restraining order is "an extraordinary and drastic remedy" and should be granted only when the movant clearly carries the burden of persuasion as to each of the four prerequisites." *Id.* The Plaintiff makes no substantive arguments as to any of these requirements, instead nakedly asserting that "[P]laintiff satisfies

17

the four-factor test." (SAC, Paragraph VIII, page 3). This is general statement is insufficient to satisfy the stringent requirements for injunctive relief.

Plaintiff's request fails at the first step, because she cannot show a substantial likelihood that she will prevail on the merits of her claims. Plaintiff makes no real allegation, but only lists the requirement for a showing of likelihood of success on the merits. (SAC, Paragraph VIII, page 3). Regardless, Plaintiff has failed to demonstrate any of the four (4) elements necessary for injunctive relief.

Similarly, the remaining assertions in Count VIII are vague and contradictory. For example, Plaintiff asks for an "[O]rder preventing transfer of title" in one bullet point and asks for "[R]escission of foreclosure deed" in the next bullet point. (SAC, Paragraph VIII, page 3). Plaintiff's assertions lack specificity sufficient to establish any merit to Plaintiff's arguments.

Similar to her other counts in the Second Amended Complaint, Plaintiff only makes conclusory statements and lists the factors required for a temporary restraining order. She has made no specific showing of her likelihood of success or of irreparable injury. The court need not proceed beyond the first element for obtaining injunctive relief. Further, title to the property has already been transferred so the request for an injunction is moot.

### 4.    The Request for Emergency Injunctive Relief is Moot.

"The doctrine of mootness derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969). As this Court has explained, "put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)).

*Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002)

Plaintiff's request for Emergency Injunctive Relief is moot.    Plaintiff is seeking a temporary restraining order, preliminary injunction, order preventing transfer of title, and rescission of foreclosure deed.   However, the sale has already been completed and title transferred.  See Exhibit C. Since the sale has completed and the property transferred, the court can no longer provide "meaningful relief" and thus the request is moot.  Plaintiff no longer has title to the property; so, there is no "live controversy" for the court to provide meaningful relief.  "Because equitable relief is 'a prospective remedy,' a 'plaintiff's claims for equitable relief become moot' when that relief can no longer 'prevent the defendant's future conduct from causing future injury.' *Adler*, 112 F.3d at 1477. That is because the plaintiff would 'no longer need[ ] protection from [the] future injury.' *Id*. So, for example, a case in which a plaintiff requests only equitable relief to prevent a pending eviction becomes

19

moot when he is evicted." *McColligan v. Vendor Res. Mgmt.*, 762 F. App'x 943 (11th Cir. 2019). The request is now moot as the sale has completed and the title transferred.

**D.      <u>Wrongful Foreclosure</u>**

In Georgia, the essential elements of a wrongful foreclosure claim include the following: (1) a legal  duty owed to plaintiff by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach and the alleged injury, and (4) damages. *Warthen v. Litton Loan Servicing LP*, No. 1:11-cv-02704-JEC, 2012 U.S. Dist. LEXIS 135748, at *7-8 (N.D. Ga. 23, 2012).

All four of the elements must be established for a finding of wrongful foreclosure.  Plaintiffs must plead sufficient facts that establishes a duty owed. "…Complaint failed to plead facts establishing a duty owed to them by Appellees, an essential element of the tort of wrongful foreclosure." *Carroll v. Bank of Am., NA*, 537 F. App'x 933, 934 (11th Cir. 2013) citing  *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. 369, 601 S.E.2d 842, 844 (Ga. 2004).  Further, the injury cannot be the result of Plaintiff's own doing.  "…that the undisputed evidence shows that Heritage Creek's alleged injury was solely attributable to its own acts or omissions both before and after the foreclosure."  *Heritage Creek Dev. Corp.Colonial Bank*, 268 Ga. 369, 372, 601 S.E.2d 842, 845 (2004)

Plaintiff in the within case has pled no facts that establishes a duty was owed. Plaintiff indicates federal reinstatement funds were approved, but doesn't provide any support for the allegation beyond a conclusory statement.  Plaintiff does not deny she defaulted under the terms of the loan and thus any alleged injury is attributable to her owns acts.  "Failure to make the proper loan payments or tender the amount due defeats any wrongful foreclosure or attempted wrongful foreclosure claims." *Bell v. Fannie Mae*, No. 1:15-CV-02575-WSD-JCF, 2015 U.S. Dist. LEXIS 180760, at *8 (N.D. Ga. Dec. 10, 2015) citing *White v. Bank of Am., N.A.*, No. 1:12-CV-3834-WSD, 2013 U.S. Dist. LEXIS 66601, at *13-14 (N.D. Ga. May 10, 2013) (collecting cases indicating plaintiff must allege satisfaction of obligations to pay under the contract to sustain a claim for wrongful foreclosure). By failing to make the required monthly payments, Plaintiff has created the current situation she finds herself in and cannot proceed with a wrongful foreclosure action as repeatedly espoused by Georgia courts.

E.    **Plaintiff Failed to State a Claim Against Defendants for Violations of the Real Estate Settlement and Procedures Act (RESPA).**

Plaintiff is seeking damages under RESPA.  While not properly plead, Plaintiff provides a generic and conclusory statement "foreclosure during the active federally funded reinstatement approval constitutes improper dual tracking and

failure to comply with servicing obligations."  See Second Amended Complaint, page 2.

"To prevail on a RESPA claim, a plaintiff must show (1) a failure to comply with a RESPA obligation and (2) actual damages sustained as a result  of the failure to comply. *Baez v. Specialized Loan Servicing, Ltd. Liab. Co.*, 709 F. App'x 979, 982 (11th Cir. 2017) citing *Renfroe v. Nationstar Mortg.*, LLC, 822 F.3d 1241, 1244 (11th Cir. 2016).

The SAC alleges only that servicers must properly evaluate loss mitigation applications, exercise reasonable diligence, and refrain from dual tracking during loss mitigation.  "Alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff[] must, at a minimum, also allege that the breach resulted in actual damages." *Sullivan v. Ocwen Loan Servicing, LLC*, No. 1:16-cv-00435-MHC-RGV, 2016LEXIS 198104, at *11-12 (N.D. Ga. Apr. 14, 2016)  citing *Saldate v. Wilshire Credit Corp.,* 711 F. Supp. 2d 1126, 1134 (E.D. Cal. 2010) (citation and internal marks omitted); *see also Amaral v. Wachovia Mortg. Corp.,* 692 F. Supp. 2d 1226, 2010 WL 618282, at *5 (E.D. Cal. 2010) (citations omitted).  Plaintiff has only made conclusory statements that RESPA was violated and not provided specificity as to what elements of RESPA were violated and how they were violated. Plaintiff has not alleged the how or the when Defendants failed to comply with RESPA requirements.

Further, Plaintiff has failed plausibly allege any actual damages. Plaintiff only makes the conclusory statements, "Actual damages" and "Statutory damages for pattern or practice" without providing any specificity. See Second Amended Complaint [Doc. 10, page 2]. Conclusory statements fail to state a plausible claim for relief under RESPA. As a result, Plaintiff's claim under RESPA should be dismissed.

### F.   **Improper Standing**

Plaintiff makes an incoherent argument that Defendants lack standing to foreclose. There is no clear allegation made in the pleading and it is impossible to decipher Plaintiff's argument. Plaintiff lists some random cases and apparent one-line quotes from her cited cases. As such, it is impossible to respond to the allegation.

To the extent Plaintiff is arguing Defendants lack standing to foreclose, Lakeview is in possession of the note and security deed and thus has the authority to foreclose.

### IV.   **CONCLUSION**

For the foregoing reasons, a recommendation should be sent to the District Judge that Plaintiff's Second Amended Complaint be dismissed as to all defendants and in their entirety with prejudice and Plaintiff's Motion to Dismiss

for Failure to State a Claim and Objection to Magistrate Judge's Findings and

Recommendation should be deemed duplicative.


Date:    June 9, 2026

Respectfully submitted,


**DINSMORE & SHOHL LLP**

*/s/  Michael B. Mattingly*
Michael B. Mattingly
*Attorney-In-Charge*
Georgia State Bar No. 454886
Michael.Mattingly@dinsmore.com
255 E. Fifth St., Suite 1900
Cincinnati, Ohio 45202
Phone:  513-977-8200
Fax:   513-977-8141
**ATTORNEY FOR DEFENDANTS
JULIO ALDECOCEA, JAMES
LAUTER, LOANCARE LLC, AND
LAKEVIEW LOAN SERVICING LLC**

24

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, copy of **DEFENDANTS RENEWED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** was a served upon all parties and counsel of record via the Court's electronic filing system and/or regular U.S., postage pre-paid upon:

Yolanda Ortiz
141 Weston Street 311
Hartford, CT 06141-9998

Yolanda Ortiz
5035 Mickleton Way
Powder Springs, GA 30127

/s/Michael B. Mattingly
Michael B. Mattingly
*Attorney-In-Charge*

25