**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| YOLANDA ORTIZ,<br><br>Plaintiff,<br>v.<br><br>JULIO ALDECOCEA; LAKEVIEW SERVICING; JAMES LAUTER; LOANCARE, LLC<br><br>Defendants. | Civil Action File<br><br>No. 26-cv-00786-jpb-awh |

**MOTION TO INTERVENE**
**AND INCORPORATED MEMORANDUM OF LAW**

COME NOW, Movant, SHRESTHA BAHADUR (hereinafter "Movant") by and through undersigned counsel, and files this Motion to Intervene and Incorporated Memorandum of Law, and in support thereof states as follows:

## STATEMENT OF FACTS

The instant Complaint concerns certain real property located in Cobb County, Georgia which Plaintiff seeks to quiet title thereto, namely 5035 Mickleton Way, Powder Springs, GA ("Property"). See Doc. 18-5 (initial verified complaint seeking to quiet title to the Property).

The Property was originally conveyed by Plaintiff by way of a security deed to CrossCountry Mortgage, LLC, as recorded in Deed Book 15937, Page 4186, Cobb

County, Georgia records ("Security Deed"). See Doc. 18-1.

The Security Deed was subsequently assigned to Lakeview Loan Servicing, LLC ("Lakeview"), by way of that certain recorded assignment at Deed Book 16100, Page 5732, Cobb County, Georgia records ("Assignment"). See Doc. 18-2.

Thereafter, Plaintiff defaulted on the Security Deed, and Lakeview conducted a non-judicial foreclosure sale in January 2026, which resulted in a conveyance title to Lakeview, as recorded at Deed Book 16337, Page 2985, Cobb County, Georgia records. See Doc. 18-3.

Subsequently, Lakeview conveyed title to the Property to Movant by way of that certain Special Warranty Deed as recorded at Deed Book 16355, Page 3501, Cobb County, Georgia records in consideration of the payment of $226,800.00 by Movant for the Property ("Vesting Deed"). A true and correct copy of the Vesting Deed is attached hereto as "Exhibit A".[1]

For purposes of brevity, Movant adopts and incorporates the balance of the procedural posture set forth in the Defendants' Renewed Motion to Dismiss. See

---

[1] This Court may take judicial notice of certain documents attached to a motion to dismiss, without converting the motion to one for summary judgment. *See Harford v. Delta Air Lines, Inc.,* 2008 WL 268820, at *2 (N.D. Ga. Jan. 30, 2008). These extraneous documents may include, but are not limited to, public records and public filings in other district courts. *Id.* at *2 (citing *Universal Express, Inc., v. S.E.C.*, 177 Fed. App'x 52, 53 (11th Cir. 2006); *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir.1999)).

Doc. 18, pp. 3-6.

## ARGUMENT & CITATION OF AUTHORITIES

Fed R. Civ. P. 24(a)(2) states, in pertinent part, that

> On timely motion, the court must permit anyone to intervene who: ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The 11th Circuit Court of Appeals has further elicited a 4-part test:

> A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit. If he establishes each of the four requirements, the district court must allow him to intervene.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

Here, as further evidenced by Movant's proposed Motion to Dismiss as attached to this Motion as Exhibit B, Movant can meet the four part test set forth by the 11th Circuit. Movant is seeking to intervene timely; Movant is the current record owner of the Property which Plaintiff is seeking to quiet title thereto and resultingly has an interest which is the subjection of this action; Movant, as current record owner of the Property, is unquestionably situated such that a disposition of the action – inclusive of whether there is an adverse finding of a wrongful foreclosure or Plaintiff

prevailing on its claim to quiet title in the Property – would impair Movant's ability to protect the record ownership interest of the Property at issue; and (4) Movant, as the only party in this action with a current record interest in the Property to which Plaintiff is seeking to quiet title in their favor, is inadequately represented by the existing parties to this suit. Resultingly, Movant may intervene in this action as a matter of right.

WHEREFORE, Movant, SHRESTHA BAHADUR, prays that this Court will grant its Motion to Intervene and file its Motion to Dismiss as attached hereto.

Respectfully submitted, this Wednesday, August 19, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the **MOTION TO INTERVENE AND INCORPORATED MEMORANDUM OF LAW**, upon all parties and counsel of record as follows:

Michael B. Mattingly, Esq.
Attorney for Defendants
DINSMORE & SHOHL LLP
225 E. Fifth St. Ste 1900
Cincinnati, OH 45202
Michael.mattingly@dinsmore.com
*Via Court's CM/ECF system*

Yolanda Ortiz
141 Weston Street 311
Hartford, CT 06141-9998
*Via U.S. First Class Mail, Postage Prepaid*

Yolanda Ortiz
5035 Mickleton Way
Powder Springs, GA 30127
*Via U.S. First Class Mail, Postage Prepaid*

Respectfully submitted, this Wednesday, August 19, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

## CERTIFICATE OF FONT AND POINT SELECTION

Undersigned counsel hereby certifies, pursuant to L.R. 7.1(D), N.D. Ga., that the foregoing document was prepared in Times New Roman, 14-point font, which is one of the font and point selections approved in L.R. 5.1, N.D. Ga.

Respectfully submitted, this Wednesday, August 19, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT