**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

YOLANDA ORTIZ,

Plaintiff,

v.

JULIO ALDECOCEA; LAKEVIEW SERVICING; JAMES LAUTER; LOANCARE, LLC; SHRESTHA BAHADUR

Defendants.

Civil Action File

No. 26-cv-00786-jpb-awh

**MOTION TO DISMISS COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

COME NOW, Defendant, SHRESTHA BAHADUR (hereinafter "Defendant") by and through undersigned counsel, and files its Motion to Dismiss the Complaint filed by Plaintiff, YOLANDA ORTIZ, and in support states as follows:

## <u>STATEMENT OF FACTS & PROCEDURE</u>

The instant Complaint concerns certain real property located in Cobb County, Georgia which Plaintiff seeks to quiet title thereto, namely 5035 Mickleton Way, Powder Springs, GA ("Property"). See Doc. 18-5 (initial verified complaint seeking to quiet title to the Property).

The Property was originally conveyed by Plaintiff by way of a security deed

to CrossCountry Mortgage, LLC, as recorded in Deed Book 15937, Page 4186, Cobb County, Georgia records ("Security Deed"). See Doc. 18-1.[1]

The Security Deed was subsequently assigned to Lakeview Loan Servicing, LLC ("Lakeview"), by way of that certain recorded assignment at Deed Book 16100, Page 5732, Cobb County, Georgia records ("Assignment"). See Doc. 18-2.

Thereafter, Plaintiff defaulted on the Security Deed, and Lakeview conducted a non-judicial foreclosure sale in January 2026, which resulted in a conveyance title to Lakeview, as recorded at Deed Book 16337, Page 2985, Cobb County, Georgia records. See Doc. 18-3.

Subsequently, Lakeview conveyed title to the Property to Movant by way of that certain Special Warranty Deed as recorded at Deed Book 16355, Page 3501, Cobb County, Georgia records in consideration of the payment of $226,800.00 by Movant for the Property ("Vesting Deed"). A true and correct copy of the Vesting Deed is attached hereto as "Exhibit A".

For purposes of brevity, Defendant adopts and incorporates the balance of the

[1] This Court may take judicial notice of certain documents attached to and incorporated in a motion to dismiss, without converting the motion to one for summary judgment. *See Harford v. Delta Air Lines, Inc.,* 2008 WL 268820, at *2 (N.D. Ga. Jan. 30, 2008). These extraneous documents may include, but are not limited to, public records and public filings in other district courts. *Id.* at *2 (citing *Universal Express, Inc., v. S.E.C.*, 177 Fed. App'x 52, 53 (11th Cir. 2006); *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir.1999)).

procedural posture set forth in the codefendants' Renewed Motion to Dismiss. See Doc. 18, pp. 3-6.

## ARGUMENT

### I. STANDARD OF DISMISSAL

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true all facts set forth in the plaintiff's complaint. *Grossman v. NationsBank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); Fed. R. Civ. P. 12(b)(6). Additionally, the court must draw all reasonable inferences in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010). Under the Supreme Court's *Twombley* decision and its progeny, *Erickson v. Pardus*, 551 U.S. 89 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Rule 8 requirement is satisfied when the complaint contains,

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the

> elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged….

*Iqbal*, 556 U.S. at 663 (internal punctuation and citations to *Twombley* omitted).

While *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys, *Trawinski v. United Techs*., 313 F.3d 1295, 1297 (11th Cir. 2002), "the Court need not accept as true conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006). Nothing in the leniency accorded a *pro se* party excuses a plaintiff from complying with the requirements of the Federal Rules of Civil Procedure. See *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980 (1993).

Following *Iqbal's* two-step approach, it is clear the Complaint fails to state any cognizable claim against Defendant under any theory of recovery. Notably, Plaintiff fails to allege that a lis pendens was filed in the deed records of Cobb County, Georgia, at any point during the underlying litigation initiated by Plaintiff; as discussed further below, Defendant stands on the face of the pleadings as a bona fide purchaser, for value, without notice of the claim for wrongful foreclosure and to quiet title in the Property, which proves fatal to Plaintiff's tardily asserted claim

in the title of the Property.

When a complaint does not satisfy all material elements of the claims asserted therein, it should be dismissed, and the dismissal should be with prejudice when amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curium); *Valet Apartment Servs., Inc. v. Atlanta J. & Const.,* 865 F.Supp. 828, 834 (N.D. Ga. 1994) (denying leave to amend).

That is precisely the case here, and dismissal with prejudice is warranted, especially in light of this Court previously giving Plaintiff two separate opportunities to amend the Complaint to state a cognizable claim for relief. *See* Doc. 1, Doc. 7, Doc. 10, Doc. 16.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR WRONGFUL FORECLOSURE.

### A. Lakeview Had Standing to Institute Foreclosure Proceedings as a Matter of Law.

The main thrust of Plaintiff's Second Amended Complaint appears to revolve around the alleged improper assignment of the Security Deed and/or the alleged failure of the holder of the Security Deed to also possess the associated note. Both allegations fail as a matter of law.

Even assuming Plaintiff's claims as true, Plaintiff does not have standing to challenge the validity of an assignment of record. Specifically, the Supreme Court

of Georgia expressly held that a third party cannot contest the validity of an assignment of a security deed between the deed holder and the assignee. In *Ames v. JP Morgan Chase Bank, NA*, 298 Ga. 732, 783 S.E.2d 614 (2016), the Court held that (1) a Security Deed does not afford a borrower any rights to dispute an assignment to a third party; (2) an assignment does not breach any duty owed to a borrower under state law or the terms of the Security Deed; and (3) the assignment itself does not grant a borrower any new rights.

The rationale behind the Supreme Court's decision in *Ames* is that an assignment "is a contract between the deed holder and the assignee." *Ames*, 298 Ga. at 739, 783 S.E.2d at 620 (quoting *Bank of Cave Spring v. Gold Kist, Inc.*, 173 Ga. App. 679, 680 (1985)). A borrower, of course, is rarely the deed holder or the assignee and, as such, lacks standing to challenge the assignment even if the assignment affects the debtor in some ways.

Similarly, the Supreme Court of Georgia held that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed, even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You v. J.P. Morgan Chase Bank, N.A.*, 293 Ga. 67, 74 (2013). Plaintiff's claims that Lakeview did not hold both the Security Deed and the corresponding note at the time

of the sale, even if proven true by Plaintiff, would fail to establish a claim for wrongful foreclosure; whether or not Plaintiff also stood as assignee of the note at the time it was assigned the Security Deed within the Cobb County real estate records is irrelevant, as a matter of law, to a party's ability to properly conduct a foreclosure sale in Georgia.

Accordingly, all causes of action grounded in the alleged failure of Lakeview to simultaneously possess the note prior to instituting foreclosure proceedings and/or contesting the validity of the assignment fails as a matter of law and must be dismissed with prejudice.

**B. Plaintiff Fails to State a Claim Due to His Own Failure to Make Payments.**

Georgia law is crystal clear that "[f]ailure to make the proper loan payments or tender the amount due **defeats any wrongful foreclosure or attempted wrongful foreclosure claims**." *White v. Bank of America, N.A.*, 2013 WL 1963786, at *3 (N.D. Ga., May 10, 2013) (emphasis added). See also *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga.App. 369, 601 S.E.2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale).

Here, Plaintiff failed to allege being current on the underlying loan obligations

and concedes, on the face of the Complaint, that Plaintiff failed to tender the amount due prior to foreclosure ("Plaintiff was approved [for funds]… [for] mortgage reinstatement assistance to cure alleged arrears *contingent upon seeking mortgage counseling*." Doc. 16, p. 1 (*emphasis added*).

As such, under Georgia law, Plaintiff facially failed to state a claim for wrongful foreclosure, as Plaintiff concedes that it cannot make the threshold allegations. In light of the entirety of Plaintiff's claims originating from a purported wrongful foreclosure, this failure by itself is wholly dispositive of the entirety of Plaintiff's claims as to the title of the Property.

## III. TO THE EXTENT PLAINTIFF SEEKS TO QUIET TITLE IN THE PROPERTY, PLAINTIFF HAS FAILED TO PROPERLY PLEAD THE SAME, AND THE CLAIM SHOULD BE DISMISSED.

To the extent Plaintiff seeks to quiet title to the Property,[2] Plaintiff lacks standing to assert a quiet title action due to his transfer of title in the Property in light of the Security Deed.

"In order to bring a quiet title action, 'the plaintiff must assert that he holds some current record title or current prescriptive title .... Otherwise, he possesses no title at all, but only an expectancy.'" Henderson v. BAC Home Loans Serv., LP,

[2] As part of Plaintiff's prayers for relief, Plaintiff seeks to "rescind and void the foreclosure deed" and "restore title to Plaintiff." See Doc. 16, p. 4.

2011 WL 10843391 at *11 (N.D. Ga. Jun. 29, 2011) (*citing* Cunningham v. Gage, 301 Ga. App. 306, 308 (2009) (holding that because the plaintiffs did not assert that they had title to the property, they had no standing to maintain a quiet title action). Upon transferring title via a security deed to a lender in exchange for loan proceeds, the borrower possess no legal title to the property until the secured debt is satisfied in full. Id; see also McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132 (2000) ("Legal title passed to the lender from [the borrower] when the deed to secure debt was created, and the owner [] has a mere equity of redemption and right of possession of the realty until the secured debt has been satisfied in full.").

When a property is subject to a security deed, as Plaintiff acknowledges within the Complaint, legal title of the Property passed when the deed to secure debt was created; "[b]efore the grantor in a security deed would become reinvested with title, he must pay or offer to pay the debt for which the security deed was given." O.C.G.A. § 44-14-60; Thomas v. Stedham, 208 Ga. 603, 606 (1952).

Plaintiff further concedes to having not been current on the underlying loan obligations as to the Security Deed and further expressly conceded to never tendering the amount owed in the Complaint. See Doc. 16, p. 1.

Under Georgia law, absent an allegation that Plaintiff has unencumbered current title, Plaintiff lacks standing to assert a quiet title action for the Property. Therefore, this Court should dismiss any such claim with prejudice.

## IV. DEFENDANT STANDS AS A BONA FIDE PURCHASER, FOR VALUE, WITH NO NOTICE AS A MATTER OF LAW.

Georgia law expressly protects bona fide purchasers from frivolous and tardily asserted claims by such parties as Plaintiff who seek to disturb their recorded ownership of real property.

In light of the absence of a recorded lis pendens as to the pendency of this action, as originally removed from state court, Plaintiff cannot now disturb Defendant's perfected title interest in the Property as a matter of law.

"A bona fide purchaser for value is protected against outstanding equitable interests in land of which the purchaser has no notice." *Dime Sav. Bank of New York, FSB v. Sandy Springs Associates, Inc.*, 261 Ga. 485, 493 (1991) (citing OCGA §§ 23–1–19, 23–1–20). Dispositive to the instant action, even "where property is sold in accordance with a power of sale contained in an uncanceled security deed, but after the secured debt has been paid, a purchaser for value who has no knowledge of the fac that the secured debt has in fact been paid will be protected in his title." *Mathis v. Blanks*, 212 Ga. 226, 91 S.E.2d 509, 512 (1956).

Additionally as to real property, "[n]o action… as to real property in this state shall operate as a lis pendens as to any such real property involved therein until there shall have been filed in the office of the clerk of the superior court … where the property is located a notice [of lis pendens]." OCGA § 44–14–610(a).

Here, the pendency of the action itself, as a matter of law, would not have placed Defendant on notice of any purported irregularities in title to the Property absent a recorded lis pendens at the time of conveyance, which the record shows does not exist. Additionally, Plaintiff has failed to articulate a factual basis, after several rounds of pleadings, how another third party would ever have been placed on notice of the purported basis Plaintiff asserts would permit it to attack Lakeview's foreclosure of the Property.

Additionally, the Vesting Deed on its face evidences Defendant having paid over two hundred thousand dollars in consideration for title to the Property; the Cobb County deed records evidence on their face that Defendant stands as a bona fide purchaser, for value, of title to the Property.

Plaintiff failed to provide notice to the world of the pendency of the instant action as required under Georgia law and, thereafter, Defendant was conveyed title to the Property subsequent to the payment of over two hundred thousand dollars. Plaintiff has not – and cannot, after three bites at the apple to state a claim for relief

– allege that the current record owner of the Property stands as anything other than a protected bona fide purchaser, for value, of the Property. Resultingly, for this additional reason, this Court must dismiss the Complaint with prejudice.

## CONCLUSION

For the reasons set forth above, each of Plaintiff's claims and allegations fail procedurally and substantively as against Defendant's record ownership of the Property. The entire Amended Complaint is wholly without merit and is devoid of any factually-based allegations which would sustain a claim to attack or otherwise set aside Defendant's superior interest in title to the Property. Accordingly, this Court must grant the instant Motion to Dismiss with prejudice.

WHEREFORE, SHRESTHA BAHADUR, prays that this Court will:

(A) Dismiss the Amended Complaint with prejudice;

(B) Deny Plaintiff's prayers for relief;

(D) Charge all costs against Plaintiff; and

(E) Grant such other and further relief as this Court deems proper and just.

Respectfully submitted, this Wednesday, August 19, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

(404) 692-4342 (Telephone)
mft@tottenfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the **MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**, upon all parties and counsel of record as follows:

Michael B. Mattingly, Esq.
Attorney for Defendants
DINSMORE & SHOHL LLP
225 E. Fifth St. Ste 1900
Cincinnati, OH 45202
Michael.mattingly@dinsmore.com
*Via Court's CM/ECF system*

Yolanda Ortiz
141 Weston Street 311
Hartford, CT 06141-9998
*Via U.S. First Class Mail, Postage Prepaid*

Yolanda Ortiz
5035 Mickleton Way
Powder Springs, GA 30127
*Via U.S. First Class Mail, Postage Prepaid*

Respectfully submitted, this Wednesday, August 19, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

## CERTIFICATE OF FONT AND POINT SELECTION

Undersigned counsel hereby certifies, pursuant to L.R. 7.1(D), N.D. Ga., that the foregoing document was prepared in Times New Roman, 14-point font, which is one of the font and point selections approved in L.R. 5.1, N.D. Ga.

Respectfully submitted, this Wednesday, August 19, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT