Certified
9589 0710 5270 4037 930702

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 28 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

YOLANDA ORTIZ,
Plaintiff,
Civil Action File
V.
No. 1:26-cv-00786-
JPB-AWH
JULIO ALDECOCEA;
LAKEVIEW SERVICING; JAMES LAUTER; LOANCARE, LLC,
Defendants.

PLAINTIFF'S OBJECTION AND RESPONSE IN OPPOSITION TO MOVANT SHRESTY' BAHADUR'S MOTION TO INTERVENE

Plaintiff Yolanda Ortiz hereby files this Objection and Response in Opposition to Movant Shrestha Bahadur's Motion to Intervene, respectfully requesting that this Court DENY the Motion pursuant to Federal Rule of Civil Procedure 24. In support thereof, Plaintiff shows as follows:

STATEMENT OF RELEVANT FACTS

1. Plaintiff filed the instant Action seeking to quiet title to real property located at 5035 Mickleton Way, Powder Springs, GA 30127 ("Property").
2. Movant Shrestha Bahadur filed a Motion to Intervene under Fed. R. Civ. P. 24(a)(2), claiming an interest as the current record title holder via a Special Warranty Deed resulting from an underlying non-judicial foreclosure sale.
3. Movant's claim to the Property derives entirely from an invalid, wrongful, and void foreclosure proceeding initiated by Lakeview Loan Servicing, LLC.

II. ARGUMENT AND CITATION TO AUTHORITIES

A. Movant Fails to Satisfy the Four-Part Test for Intervention as of Right under Fed. R. Civ. P. 24(a) (2)

Under Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989), a party seeking intervention as of right must establish all four of the following requirements:

1. The application is timely;
2. The applicant has an interest relating to the property or transaction that is the subject of the action;
3. The applicant is so situated that disposition of the action may as a practical matter impair or impede their ability to protect that interest; and
4. The applicant's Interest is inadequately represented by existing parties.

B. Movant Has No Legally Protectable Interest under O.C.G.A. § 44-2-1 et seq.

Under Georgia law, a purchaser who acquires title through a void foreclosure sale or deed takes subject to the underlying defects in title. A subsequent transferee cannot acquire valid legal title if the foreclosing entity lacked authority to convey title (see O.C.G.A. § 23-1-17;
Georgia Bank & Trust Co. V. SBL
Executive Properties, Inc., 346 Ga. App.
317 (2018)).
Movant's alleged interest is based on a void chain of title stemming from a wrongful foreclosure. An invalid deed conveys no legal right or interest sufficient to mandate intervention as of right under Fed. R. Civ. P. 24(a) (2).
C. Movant's Interests are Adequately Represented by Existing Defendants
• Under Fed. R. Civ. P. 24(a)(2), intervention must be denied if the proposed intervenor's ultimate objective is aligned with, and adequately represented by, an existing party.
Defendant Lakeview Loan Servicing, LLC
the entity that conducted the foreclosure and purported to convey title to Movant-is already a named Defendant actively defending the validity of the underlying foreclosure and security deed. Because Lakeview's defense directly protects Movant's chain of title, Movant's interest is fully and adequately represented by existing parties.
D. Permissive Intervention under Fed.
R. Civ. P. 24(b) is Improper To the extent Movant seeks permissive intervention under Fed. R. Civ. P. 24(b), such intervention should be denied because introducing Movant's collateral claim will cause undue delay and complicate the core quiet title action between Plaintiff and the foreclosing entities.
III. CONCLUSION AND PRAYER FOR RELIEF
WHEREFORE, Plaintiff Yolanda Ortiz respectfully requests that this Court:
1. DENY Movant Shrestha Bahadur's Motion to Intervene;
2. Reject Movant's Proposed Motion to Dismiss; and
3. Grant such other and further relief as this
Court deems just and proper.
Respectfully submitted this 25th day of August, 2026.

Yolanda Ortiz, Pro Se
141 Weston Street, Unit 311
Hartford, Connecticut [06141-9998]

CERTIFICATE OF SERVICE
I hereby certify that on this day, a true and correct copy of the foregoing Plaintiff's Objection to Motion to Intervene was served upon counsel of record via U.S. Certified Mail, postage prepaid, addressed as follows:

Matthew F. Totten, Esq.
The Totten Firm, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338
(Attorney for Movant Shrestha Bahadur)

Certified 9589071052704037930719

Michael B. Mattingly, Esq.
Dinsmore & Shohl LLP
225 E. Fifth St., Ste 1900
Cincinnati, OH 45202
(Attorney for Defendants)

Certified 9589 0710 5270 4037 9306 89

Yulanda-Yvette
141 Weston Street 311
Hartford, Connecticut
06141-9998

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 4037 9307 02

U.S. POSTAGE PAID
FCM LETTER
HARTFORD, CT 06106
SEP 21, 2026
$6.37
S2324P502012-77

CLEARED DATE
SEP 28 2026
U.S. Marshals Service
Atlanta, GA 30303

Richard B. Russell Federal
Building United States
Courthouse
2211 United States Courthouse
75 Ted Turner Dr SW
Atlanta, GA 30303-3309