IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YOLANDA YVETTE ORTIZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO.: |
| v. | : | 1:26-CV-786-JPB-AWH |
| | : | |
| JAMES "JIM" LAUTER *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NON-FINAL REPORT AND RECOMMENDATION**

This case is before the Court for consideration of a Motion to Intervene and Incorporated Memorandum of Law filed by Shrestha Bahadur ("Movant"), Doc. 19.

**Factual and Procedural History**

Plaintiff owned residential property located at 5035 Mickleton Way, Powder Springs, Georgia. Doc. 16 ¶ 1. On January 2, 2026, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction in the Superior Court of Cobb County, Georgia to prevent foreclosure. Id. ¶ 2. On January 6, 2026, the foreclosure sale was completed, and on January 26, 2026, a deed conveying the property to Lakeview Loan Servicing, LLC was recorded with Cobb County. Doc. 1 at 2. On January 29, 2026, Plaintiff filed her Verified Complaint to Quiet Title. Id. at 3.

On February 11, 2026, Defendants Julio Aldecocea, James Lauter, LoanCare LLC, and Lakeview Loan Servicing, LLC ("Defendants") collectively filed a notice of removal of the case, Doc. 1, to this Court. On February 18, 2026, Defendants filed a Motion to Dismiss Plaintiff Yolanda Ortiz's Motion for Temporary Restraining Order and Preliminary Injunction and Complaint to Quiet Title, Doc. 3. On the same day, Defendants filed their Motion to Dismiss Plaintiff Yolanda Ortiz's Motion for Temporary Restraining Order and Preliminary Injunction and Complaint to Quiet Title, Doc. 4, and attached Exhibits A–F.

On March 9, 2026, Plaintiff, *pro se*, filed an Amended Complaint against Defendants, Doc. 7, in which she asserted that each Defendant initiated a wrongful foreclosure in violation of Georgia law (Count I); violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Count II); and have improper standing because of separation of the note and deed (Count III). Plaintiff also claimed she satisfies the four-factor test for emergency injunctive relief under Rule 65 to prevent Defendants from foreclosing the disputed real property. Id.

On March 13, 2026, the Court denied both of Defendants' Motion to Dismiss as moot because of the subsequent Amended Complaint. Doc. 8. The Court also denied Plaintiff's TRO request as moot because the foreclosure had already occurred and the real property had been sold. Id.

On April 14, 2026, Plaintiff filed Objections to Magistrate Judge's Findings and Recommendations, Doc. 14, and the Court submitted those objections to the District Judge for consideration, Doc. 15. The Court stayed Plaintiff's deadline to file her second amended complaint until after the District Judge reviews Plaintiff's objections. Id.

On May 26, 2026, Plaintiff filed a Second Amended Complaint, Doc. 16, where she filed an identical complaint as her first Amended Complaint. On the same day, Plaintiff filed a Motion to Dismiss Defendant's Claims for Failure to State a Claim and Objections to Magistrate Judge's Findings and Recommendations, Doc. 17. Defendants then filed a Motion to Dismiss Plaintiff Yolanda Ortiz's Second Amended Complaint and Response to Plaintiff's Motion to Dismiss for Failure to State a Claim and Objection to Magistrate Judge's Findings and Recommendations, Doc. 18.

On August 19, 2026, Movant filed her Motion to Intervene and Incorporated Memorandum of Law under Federal Rule of Civil Procedure ("Rule") 24(a). Doc. 19. If Movant is permitted to intervene, she requests the Clerk to file her Motion to Dismiss Complaint and Incorporated Memorandum of Law she attached to her Motion to Intervene. Id. On September 28, 2026, after the response time had run,

Plaintiff filed her "Plaintiff's Objection and Response in Opposition to Movant Shresty' Bahadur's Motion to Intervene," Doc. 20.[1]

**Discussion**

Movant believes she has a right to intervene under Rule 24. Rule 24 provides two methods by which a non-party may seek to intervene—as of right and permissively. Anyone may intervene as of right who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Eleventh Circuit elicited a four part test for the moving party to show intervention as of right: (1) the motion is timely; (2) the party has an interest relating to the property or transaction that is the subject of the action; (3) the party is so situated that, as a practical matter, disposition of the matter may impede or impair the party's ability to protect that interest; and (4) the party's interest is not adequately protected by the existing parties to the suit. Worlds

[1] According to the local rules, any party opposing a motion shall serve the party's response no later than fourteen days after service of the motion. L.R. 7.1(B). The Court notes that Plaintiff's Response was untimely as it was filed forty days after Movant's Motion to Intervene, and Plaintiff did not seek or obtain leave of Court to file the Response out of time. Although the Court has considered the Response here, the Court cautions Plaintiff that it will not consider improperly or untimely filed responses in the future absent leave of Court, regardless of Plaintiff's *pro se* status.

v. Dep't of Health & Rehab. Servs., State of Fla., 929 F.2d 591, 593 (11th Cir. 1991); see also Gumm v. Jacobs, 817 F. A'ppx 847, 850 (11th Cir. 2020).

*First*, Movant's claims her motion is timely. Doc. 19 at 3. When determining whether a motion to intervene is timely, a court should consider:

> the length of time during which the [movants] knew or reasonably should have known of their interest in the case before moving to intervene, the extent of prejudice to the existing parties as a result of the [movants'] failure to move for intervention as soon as they knew or reasonably should have known of their interest, the extent of prejudice to the [movants] if their motion is denied, and the existence of unusual circumstances militating either for or against a determination that their motion was timely.

Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989). Within her motion to intervene, Movant only states that, "Movant is seeking to intervene timely." Doc. 19 at 3. Movant gives no facts to demonstrate why the motion is timely or when Movant found out about the current suit. However, the other factors weigh heavily in favor of finding that the motion is timely. While there are no facts about when Movant learned of the suit, it is also not clear whether Plaintiff or the several Defendants told Movant about it. And regardless, Movant intervened within six months of the case being removed to federal court, and the case is in the motion to dismiss stage. There is also no evidence that the other parties would be prejudiced by allowing this motion, whereas Movant could be prejudiced greatly in that she would not be able to protect her property interest. In short, there are no unusual

circumstances militating against a determination that the motion is timely, and Movant meets her burden on the first consideration.

*Second*, Movant asserts that she has an interest that is the subject of this action, and the disposition of the matter may impede or impair her ability to protect that interest. Doc. 19 at 3. "Intervention of right is only available if the interest asserted is direct, substantial, and legally protectable." Huff v. Comm'r of IRS, 743 F.3d 790, 796 (11th Cir. 2014) (internal quotation marks and alteration omitted). "In other words, the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." Id. (internal quotation marks omitted). "In deciding whether a party has a protectable interest, though, courts must be flexible and must focus on the particular facts and circumstances of the case." Id. (internal quotation marks and alterations omitted).

Plaintiff argues that Movant's alleged interest is based on a void chain of titles stemming from a wrongful foreclosure, so Movant has no legally protectable interest in the property. Doc. 20 at 1–2. Plaintiff asserts that a subsequent transferee cannot acquire valid legal title if the foreclosing entity lacks authority to convey title. Id. at 2. Plaintiff further asserts that an invalid deed conveys no legal right or interest sufficient to mandate intervention as of right under Rule 24(a). Id.

Here, Movant has a direct, substantial, and legally protectable interest in this matter to meet her burden on the second and third considerations. Plaintiff initiated

this suit to quiet title on a property that lists Movant as the current deed holder. Doc. 19 at 3. This action will resolve the question regarding Plaintiff's interest in the disputed property, and Movant has an interest in that determination based on her current ownership of the deed. Plaintiff's argument that Movant has no legally protectable interest in the property is unavailing because Plaintiff herself acknowledges that Movant is the current record title holder via a special warranty deed. Doc. 20 at 1. Whether Movant's interest remains protectable will be dealt with in the merits of the case, which is why Movant meets the third consideration as well. If the Court were to find there was a wrongful foreclosure or Plaintiff prevails on her claim to quiet title, then this would impair Movant's ability to protect her record ownership. Thus, Movant has met her burden on the third consideration because Movant's interest would be affected if Plaintiff were to prevail. Therefore, Movant has met her burden on the second and third considerations.

*Finally*, Movant claims she is not protected by any other parties within the suit. Doc. 19 at 4. The fourth element the proposed intervenor must show is that its "interest is represented inadequately by the existing parties to the suit." Chiles, 865 F.2d at 1213. The proposed intervenor can satisfy Rule 24(a)(2) if it shows that representation of its interest may be inadequate, and the burden of making that showing should be treated as minimal. Citizens Ins. Co. of Am. v. Banyan Tree

Mgmt., LLC, No. 1:19-CV-5292-MHC, 2020 WL 5028322, at *3 (N.D. Ga. Mar. 31, 2020).

Movant argues that she is the only party in the action with a current record interest in the property and is inadequately represented by the parties to the suit. Id. However, Plaintiff argues that Movant's interest in the case is adequately represented by Defendant Lakeview Loan Servicing, LLC. Doc. 20 at 2. Plaintiff asserts that because Lakeview Loan Servicing, LLC is the one who conveyed the title to Movant, Movant's interest is fully and adequately represented. Id.

The undersigned agrees with Movant that the other Defendants in the case would not protect Movant's interests because she is uniquely situated as the only current owner of the property. While Lakeview Loan Servicing, LLC did transfer the record title of the property to Movant, it will not be able to adequately represent Movant's current interest in the home. Therefore, Movant's motion to intervene as of right under Rule 24(a) should be granted.

Alternatively, if the District Judge disagrees with the undersigned's recommendation regarding intervention as of right, then Movant should be permitted to intervene under Rule 24(b). Rule 24(b) provides that, upon a timely motion, a court may permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In

exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, a party seeking permissive intervention must show "that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." Chiles, 865 F.2d at 1213. However, the decision about whether a party should be allowed to permissively intervene is left to the district court's "full discretionary powers." United States v. S. Fla. Water Mgmt. Dist., 922 F.2d 704, 712 (11th Cir. 1991).

As noted above, Movant's motion is timely. And, for the reasons stated above, the Court finds that Movant's claims, at the very least, have questions of law and fact common to the present action—namely, who owns and is entitled to the disputed property. It makes good sense to resolve Movant's claims as to the property at the same time the Court resolves the rights between Plaintiff and the Defendants.

Plaintiff argues that Movant's intervention under Rule 24(b) would be improper because it would cause undue delay and complicate the core quiet title issue. Doc. 20 at 2. However, the quiet title issue at the core of this case would not be complicated by including Movant who is necessarily involved the current record holder of the property. Further, it would not cause undue delay for the Court to hear arguments from the current record holder of the property as it relates to her

protectable interests at issue in the case. As such, if the District Judge disagrees with the undersigned's recommendation that Movant meets the requirements for intervention as of right, Movant should be permitted to intervene under Rule 24(b).

It is therefore **RECOMMENDED** that Movant's Motion to Intervene pursuant to Rule 24 be **GRANTED**.

**Summary**

It is **RECOMMENDED** that Movant's Motion to Intervene under Rule 24(a), Doc. 19, be **GRANTED** and, alternatively, that the motion to intervene under Rule 24(b) be **GRANTED**.

If the District Judge agrees with this recommendation, the undersigned further **RECOMMENDS** that the Clerk be **DIRECTED** to file Movant's proposed Motion to Dismiss and Incorporated Memorandum of Law [19-2] and direct Plaintiff to respond to it.

**IT IS SO REPORTED AND RECOMMENDED**, this 1st day of October, 2026.

Anna W. Howard
United States Magistrate Judge