UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YOLANDA YVETTE:ORTIZ,

Plaintiff,

v.

LOANCARE LLC, et al.,

Defendants.

CIVIL ACTION NO.
1:26-CV-00786-JPB

**ORDER**

This matter comes before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R&R") [Doc. 21]. Also before the Court are two Motions to Dismiss, [Doc. 17]; [Doc. 18], and a filing that the Magistrate Judge has construed as objections to one of her orders, [Doc. 14]. This Court finds as follows:

**BACKGROUND**

On January 2, 2026, Yolanda Yvette:Ortiz ("Plaintiff") filed a motion for temporary restraining order ("TRO") to prevent a foreclosure sale of her residential property in the Superior Court of Cobb County, Georgia. [Doc. 1-1, pp. 13–16]. On January 29, 2026, she filed a petition to quiet title in the same court and under

the same case number. Id. at 17–22. Defendants removed the case to this Court and then moved to dismiss. [Doc. 1]; [Doc. 3]; [Doc. 4].

Plaintiff filed an Amended Complaint on March 9, 2026. [Doc. 7]. Then, on March 19, 2026, United States Magistrate Judge Anna W. Howard entered an Order consolidating this case with another one filed by Plaintiff that related to the same residential property. [Doc. 10]. That Order directed Plaintiff to submit a superseding Second Amended Complaint to clarify the claims against each Defendant. Id. at 5–7.

On April 14, 2026, Plaintiff filed a document titled "Objections to Magistrate Judge's Findings and Recommendations." [Doc. 14]. The Magistrate Judge referred that filing to this Court, construing it as objections to her consolidation order. [Doc. 15]. Given the objections, the Magistrate Judge stayed Plaintiff's deadline to file an amended complaint. Id. at 2–3. Plaintiff filed a Second Amended Complaint anyway, but this filing appears materially identical to her First Amended Complaint. Compare [Doc. 7], with [Doc. 16]. Defendants then filed Motions to Dismiss the Second Amended Complaint. [Doc. 17]; [Doc. 18].

Later on, Shrestha Bahadur ("Intervenor") filed a Motion to Intervene [Doc. 19] as a defendant in this case. The Magistrate Judge issued an R&R

recommending that the motion be granted and that Intervenor's Motion to Dismiss be docketed. [Doc. 21]. The R&R, objections and motions are ripe for review.

## DISCUSSION

### A. Plaintiff's Objections

It is unclear what order Plaintiff is objecting to. Her first objection is entitled "Recommended Dismissal for Failure to State a Claim," but the Magistrate Judge has never issued a recommendation that Plaintiff's claims be dismissed. [Doc. 14, p. 1]. It could be that Plaintiff is objecting to the disposition of her request for a TRO, but it was this Court—not the Magistrate Judge—that denied that request as moot. [Doc. 8]. To the extent this "objection" could be construed as a motion for reconsideration, Plaintiff has not shown that reconsideration is proper, and such a motion is **DENIED**.

The Magistrate Judge interpreted the objections as relating to the order consolidating Plaintiff's cases. [Doc. 15]. This may be what Plaintiff takes issue with, but her objections do not offer any reason why consolidation was improper. If Plaintiff's contention is that the claims in her other case were dismissed by consolidating it with this one, that is not so. After consolidation, Plaintiff was given an opportunity to amend her complaint to clarify what claims she brings

against each defendant. Thus, to the extent this is her objection, it is **OVERRULED**.

The remainder of the objections are difficult to follow and appear to be directed at the merits of Plaintiff's claims rather than any specific ruling or recommendation of the Magistrate Judge. To the extent there are any other objections in Plaintiff's filing, they are **OVERRULED** because they are vague and non-specific.

**B. Motions to Dismiss and Leave to Amend**

After Plaintiff filed these objections, and over a month after the Magistrate Judge stayed the deadline to file a Second Amended Complaint, Plaintiff filed one anyway. It appears identical to the First Amended Complaint, and Defendants moved to dismiss it shortly after it was filed. Plaintiff did not respond to those motions to dismiss. Intervenor then moved to intervene in the case, and Plaintiff filed a response opposing that motion.

Given the possible confusion caused by the somewhat convoluted procedural history of this case, the Court concludes that it is appropriate to grant Plaintiff one last opportunity to amend her complaint. For this reason, the Motions to Dismiss are **DENIED** without prejudice. The Court will provide specific instructions for the amendment below. It bears emphasizing here that failure to timely file a Third

Amended Complaint that complies with the Court's instructions may result in dismissal of the entire action.

### C. Motion to Intervene

Finally, the Magistrate Judge recommends granting Intervenor's motion. [Doc. 21]. No objections to the R&R have been filed. Absent objection, a district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Because no objections have been filed, and in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has reviewed the Non-Final Report and Recommendation for clear error and finds none. However, given the Court's determination that Plaintiff should be given a final opportunity to amend her Complaint, the Court will only adopt the R&R in part. Thus, the Motion to Intervene [Doc. 19] is **GRANTED**, but the proposed motion to dismiss will not be docketed in light of Plaintiff's opportunity to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections [Doc. 14] are **OVERRULED**. To the extent they could be construed as a motion for reconsideration, the motion is **DENIED**. The Motions to Dismiss [Doc. 17]; [Doc. 18] are **DENIED** without prejudice. The Court **ADOPTS** the R&R [Doc. 21] in

part and **GRANTS** the Motion to Intervene [Doc. 19] pursuant to Federal Rule of Civil Procedure 24(a). Plaintiff is **DIRECTED** to file an amended complaint within twenty-one days of the date of this Order. The amended complaint shall comply with the following instructions:

1) The amended complaint must contain a background section stating the facts relevant to all claims. The facts shall be presented in individually numbered paragraphs and in a logical order (which may or may not be chronological). The facts section should not contain facts that are not relevant to the claims.

2) The amended complaint must also contain a separate section for each cause of action that sets forth in individually numbered paragraphs the legal elements of the cause of action and the relevant facts showing an entitlement to relief for such cause of action. In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action.

3) Plaintiff must explicitly request the relief she seeks and provide an explanation of why she is entitled to relief.

4) Plaintiff is permitted to assert a single cause of action against multiple defendants; however, Plaintiff must identify what precise conduct is attributable to each individual defendant separately in each count.

5) Plaintiff shall attach only the documents relevant to her claims, including her deed, note, security deed, correspondence from defendants and any documents she attached to her original complaints.

Plaintiff is again cautioned that failure to timely submit an amended complaint that complies with these instructions may result in dismissal of the entire action.

**SO ORDERED** this 20th day of October, 2026.

**J. P. BOULEE**
United States District Judge